Kotz v. Glos.

<hr>

### Charles Kotz v. Adam Glos.

1. INJUNCTIONS—*Damages on Dissolution—Solicitor's Fees.*—Where a preliminary injunction has been granted, and no motion made to dissolve it, and the services rendered were such as would have been required in the defense of the suit if no injunction had been granted, damages can not be assessed to pay for such services. The statute only allows the assessment of damages sustained by reason of improperly suing out the injunction, and the damages must be confined to that ground alone.

Memorandum.—Motion to assess damages on the dissolution of an injunction. Appeal from the Circuit Court of Du Page County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the December term, 1893, and reversed. Opinion filed May 22, 1894.

The opinion states the case.

APPELLANTS' BRIEF, BOOTH & BOOTH, ATTORNEYS.

The rule is, that a defendant may recover as damages on dissolution of an injunction, the solicitor's fees which he has paid or become obligated to pay, for services rendered in obtaining a dissolution of the injunction, but not those rendered in the general defense of the suit. Jevne v. Osgood, 57 Ill. 120; Alexander v. Colcord, 85 Ill. 328; Field v. Mendenwald, 26 Ill. App. 642; Gerard v. Gateau, 15 Brad. 520.

ELBERT H. GARY, attorney for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellant filed his bill of complaint in this case September 6, 1892, to restrain appellee from obstructing an alleged right of way of appellant or interfering with his use of the same. No other relief was sought by the bill. An application having been made for a preliminary injunction during the pendency of the suit, the application was granted and such an injunction awarded. No motion to dissolve the injunction so obtained was made, but on September 30, 1892, by agreement the cause was set down for final hearing on the merits.

On November 23, 1892, a decree was entered which recited that the cause having been submitted to the court for hearing and disposition upon the bill, answer and replication and evidence submitted in open court, and the court having taken said cause under consideration, the complainant moved to dismiss the said bill, which motion was allowed, and the bill was dismissed and the injunction dissolved. No appeal was taken from that decree.

On June 23, 1893, a suggestion of damages alleged to have been occasioned to the defendant by reason of said preliminary injunction, and permitted to be filed when the bill was dismissed, was heard by the court. The only evidence of damage related to the fees of defendant's solicitor for services rendered in the suit, and for such fees the court awarded $250 as damages. From that order the com-

plainant appealed. It has been assigned for error that the court, in the decree dismissing the bill, did not dismiss it without prejudice in accordance with the terms of the motion. As no appeal was taken from that decree, which was a final disposition of the bill, the question can not be considered.

The appeal taken was only from the decree for damages. The amount allowed for solicitor's fees was the whole bill of defendant's solicitor, and as there was no motion to dissolve the preliminary injunction, the services were all rendered in settling the question whether the complainant was entitled to the permanent injunction prayed for in his bill. The clerk has copied into his transcript three affidavits, but if we could waive the rule that such things can not be made a part of the record in that way, it appears that they were never put to any use and the purpose in making them must be left entirely to conjecture. In the case of Jevne & Almini v. Osgood et al., 57 Ill. 340, it was held that the statute was only intended to reimburse the defendant for solicitor's fees which he has paid, or for which he has become liable on a motion to dissolve the injunction. In Elder et al. v. Sabin et al., 66 Ill. 126, the court said : " The statute only allows the assessment of damages sustained by reason of improperly suing out the injunction and the damages must be confined alone to that ground. The charge for lawyer's fees could only extend to the motion to dissolve the injunction." The only relief sought by the bill in the case of Lambert et al. v. Alcorn, 144 Ill. 313, was an injunction. A preliminary injunction was granted and a motion was made to dissolve it which was partially heard, but never decided. The cause being heard, the injunction was dissolved in part and damages awarded for solicitor's fees, but the evidence did not distinguish between the services rendered in relation to the motion to dissolve, and the other services, so as to show the value of the services directed solely to the object of obtaining a dissolution of the preliminary injunction.

That part of the decree relating to damages was reversed and the distinction was pointed out between services ren-

dered for the mere purpose of getting rid of an injunction *pendente lite*, for which damages might be allowed, and services rendered in the general defense of the suit, for which damages could not be assessed.

In the present case there was no motion to dissolve the preliminary injunction, and the services rendered were such as would have been required in the defense of the suit if no injunction had been granted. They were rendered in such defense and damages could not be assessed to pay for them.

The decree awarding damages will be reversed.