CHARLES F. MILLIGAN et al.

v.

WALTER C. NELSON.

188   139
e206   401

*Opinion filed December 20, 1900.*

INJUNCTION—*suggestion of damages is confined to expense of motion to dissolve.* Expenses and attorney's fees incurred after an injunction has been made perpetual cannot be allowed on suggestion of damages filed upon the re-instatement of the cause after the reversal of the decree, even though the injunction was the only relief sought, since such damages are confined to expenses incurred in getting rid of the injunction on motion to dissolve.

*Milligan* v. *Nelson*, 88 Ill. App. 511, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

KRETZINGER, GALLAGHER & ROONEY, for appellants:

A suggestion of damages may be filed at any time before the final disposition of the case.  *Garrity* v. *Railway Co.* 22 Ill. App. 404; Sec. 12 of act entitled "Injunctions."

When a suggestion of damages is filed the assessment may be made at a subsequent term.  *Stinnett* v. *Wilson*, 19 Ill. App. 38; *Curtis* v. *Wright*, 40 id. 494; *Poyer* v. *DesPlaines*, 123 Ill. 111.

In this case appellants were entitled to have assessed and adjudged to them the costs, expenses and attorney's fees incurred in procuring the final dissolution of the injunction.  *Garrity* v. *Railway Co.* 22 Ill. App. 404; *Ryan* v. *Anderson*, 25 Ill. 372; *Hayes* v. *Gravel Co.* 37 Ill. App. 19; High on Injunctions, (2d ed.) sec. 1686; *Darst* v. *Gale*, 83 Ill. 136; *Joslyn* v. *Dickerson*, 71 id. 25; *Lawrence* v. *Traner*, 136 id. 474; *Field* v. *Medenwald*, 26 Ill. App. 642; *Mackay* v. *Plumb*, 36 id. 604; *Cummings* v. *Burleson*, 78 Ill. 281; *Misner* v. *Bullard*, 43 id. 471; *Collins* v. *Sinclair*, 51 id. 328; *Mason*

v. *Shawneetown,* 77 id. 533; *Brownlie* v. *Fenwick,* 103 Mo. 420; *State* v. *Bedford,* 12 S. E. Rep. 864; *Bolling* v. *Tate,* 65 Ala. 417; *Cook* v. *Chapman,* 41 N. J. Eq. 152; *Mulvane* v. *Tullock,* 50 Pac. Rep. 897; *Elliott* v. *Railway Co.* 77 Mo. App. 652; *Robertson* v. *Smith,* 28 N. E. Rep. 857.

HENRY W. WOLSELEY, for appellee:

No evidence was offered to show any damages suffered or costs or attorney's fees paid by the appellants. *Wagner* v. *Rock Island,* 61 Ill. App. 583.

The final decree appealed from was entered by consent, and therefore the appellants should not complain thereof. *Smith* v. *Kimball,* 128 Ill. 583.

No motion or effort having been made to dissolve the temporary injunction, no damages can be recovered. *Kotz* v. *Glos,* 53 Ill. App. 485; *Ridgely* v. *Threshing Machine Co.* 61 id. 173; *Wagner* v. *Rock Island,* id. 583; *Gooch* v. *Furman,* 62 id. 340; *Densch* v. *Scott,* 58 id. 33; *Jevne* v. *Osgood,* 57 Ill. 340; *Lambert* v. *Alcorn,* 144 id. 330; *Elder* v. *Sabin,* 66 id. 126.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Branch Appellate Court affirming an order of the superior court of Cook county overruling a motion to assess damages upon suggestions, in a suit for a perpetual injunction commenced by appellee against appellants. A temporary injunction was granted by the court. Afterwards, upon final hearing upon bill, answer and replication, and upon affidavits, which, by agreement of the parties, were given the weight of depositions, the injunction was made perpetual. The decree of the superior court was reversed by the Appellate Court, which judgment was affirmed by this court. Upon the cause being re-instated in the superior court, by leave of court appellants filed a suggestion of damages asking to be allowed expenses and attorney's fees incurred in procuring the dissolution of the injunction issued in said cause. The motion of ap-

pellants to assess damages was denied, and on motion of appellee the suggestions were stricken from the files and the bill dismissed.

No motion was made in the superior court to dissolve the temporary injunction, and such injunction was made perpetual on a *pro forma* hearing. The expenses and solicitor's fees sought to be recovered, as shown by the suggestion of damages, were all incurred after .the injunction had been made perpetual and in settling the question whether or not the bill should be dismissed on final hearing. In the case of *Lambert* v. *Alcorn*, 144 Ill. 313, on page 329 it is said: "The rule is, that a defendant may recover, as damages on dissolution of an injunction, the solicitor's fees which he has paid or become obligated to pay for services rendered in obtaining a dissolution of the injunction, but not those rendered in the general defense of the suit."

It is well settled in this State that, on suggestions, damages will not be allowed for services rendered in the general defense of the suit, but only such as have been incurred for the purpose of getting rid of an injunction on a motion to dissolve, and not upon final hearing. In *Jevne* v. *Osgood*, 57 Ill. 340, on page 346 we say: "The design of the statute is not that the defendant shall, where the injunction is dissolved, recover his attorney's fees for all that has been or may be done in the case. To give the statute such an unreasonable construction would render it an instrument of great oppression. It was only intended to reimburse the defendant for moneys which he has paid or for which he has become liable on the motion to dissolve." And in *Elder* v. *Sabin*, 66 Ill. 126, on page 131: "The statute only allows the assessment of damages sustained by reason of improperly suing out the injunction, and the damages must be confined alone to that ground. The charge for lawyer's fees could only extend to the motion to dissolve the injunction." And in *Blair* v. *Reading*, 99 Ill. 600, on page 615: "The propriety

of suing out the injunction was never called up or considered by the court until the case was finally considered on its merits. Hence the extra expense of a separate hearing of a motion to dissolve was not incurred." ·

The contention of appellants that where the only relief sought by a bill is an injunction then all the services rendered by counsel are rendered to dissolve the injunction, cannot be sustained. In the case of *Lambert* v. *Alcorn, supra,* where the only relief sought was an injunction, the distinction is clearly pointed out between services rendered for the purpose of getting rid of an injunction *pendente lite* and services rendered in the general defense of the suit. On page 330 the court say: "Perhaps the view was entertained by court and counsel, at the time of the assessment of damages, that as the only relief sought by the bill was an injunction the entire defense was virtually directed to the sole object of procuring a dissolution of the injunction, and therefore that all the services rendered in the case must be deemed to have been rendered for that purpose. The relief sought by the bill was a *perpetual* injunction restraining the defendant from laying his proposed tile drain, and an injunction *pendente lite* was a mere ancillary writ, which the complainant was at liberty to apply for or not, as he saw fit. Its only office was to preserve the *statu quo* until a final hearing could be had. The complainants might have prosecuted their suit without asking for a preliminary injunction, and if the defendant had proceeded to construct his drains during the pendency of the suit he would not have been in contempt for disobedience to a writ, it is true, but he would have acted at the risk of having his acts *pendente lite* declared illegal, and of being compelled to restore everything to the condition in which it was at the commencement of the suit. In a litigation of this character the services rendered in the general defense of the suit are as clearly distinguishable from those rendered for the mere purpose of getting rid of an injunc-

tion *pendente lite,* in case one has been issued, as they are in cases where relief of a different character is sought."

As the services sought to be recovered for in this case were rendered in securing a dismissal of the bill on final hearing, we are of the opinion that the court did not err in refusing to allow the same and in striking the suggestions from the files.   The judgment of the Appellate Court will therefore be affirmed.     *Judgment affirmed.*