## William Lanum, Appellant, v. W. D. Patterson, Appellee.

1. ALTERATION OF INSTRUMENTS—*when bill of complaint does not state case for equitable interposition.* A bill which seeks relief against the enforcement of an alleged altered instrument, does not state a case of equitable cognizance if it fails to set up the facts relating to the alleged alteration so that the court can determine whether or not the alteration was innocently or mistakenly made, or was a wilful one, or was one that amounted to a spoliation merely.

2. INJUNCTIONS—*what solicitor's fees should not be awarded upon dissolution.* Upon dissolution of an injunction, it is only proper to award solicitor's fees by way of damages for those services rendered by the defendant's solicitor in securing a dissolution of the injunction upon the motion to dissolve.

Bill in equity. Appeal from the Circuit Court of Moultrie county; the Hon. W. C. JOHNS, Judge, presiding. Heard in this court at the November term, 1907. Affirmed in part, reversed in part and remanded with directions. Opinion filed April 21, 1908.

WALTER EDEN and EDEN & MARTIN, for appellant.

E. J. MILLER, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellant filed a bill in equity in the Circuit Court of Moultrie county against appellee et al. upon which an injunction was ordered. Patterson appeared and entered his motion to dissolve the injunction on the ground that there was no equity in the bill, which motion was sustained and the injunction dissolved.

The court treated the motion to dissolve as a demurrer to the bill, dismissed the bill at complainant's costs and, upon suggestion by appellee, assessed appellee's damages against the appellant at the sum of $150. This appeal followed.

In the bill appellant in substance alleged that on January 29, 1907, at the solicitation of one George A. Sentel, he loaned to appellee the sum of $3,000 and took his judgment note therefor with his wife, Leona Patterson, and one E. P. Woodruff as sureties thereon, due in twelve months at seven per cent. interest, with a warrant of attorney in the usual form providing for $100 attorney's fees; that as he was unacquainted with Patterson's financial condition he requested Patterson to make a financial statement, which he did at the time the note was made, showing that he had property in his own right and above all debts, etc., of the value of $14,800; that as a matter of fact said property statement was false in largely over estimating the value of Patterson's property; that Patterson had no property, so far as appellant could ascertain, over and above his exemptions; that on March 2, 1907, he was requested by said Woodruff to enter up judgment on said note and warrant of attorney because the indebtedness of Patterson was so much larger than he had represented it to be; that appellant, acting upon said request, on March 4, 1907, instructed said Sentel to take judgment by confession upon said note, which was accordingly done at once; that defendants to said judgment had entered a motion to vacate said judgment and for leave to plead, which motion the court allowed and stayed the execution; that the defendants in said suit at law had filed a plea of not guilty, verified, and said E. P. Woodruff had filed a plea denying joint liability; that it was the claim of the said defendants in said suit at law and each of them that after they executed the said note and warrant of attorney the amount mentioned therein as attorney's fees had been altered or raised from $25 to $400 which latter sum

was, included in the judgment which the court had set aside; that as a matter of fact the warrant of attorney provided for $100 instead of $25 when the note was delivered by Patterson to appellant; that appellant did not change or alter said note or warrant of attorney, nor authorize any one else to do so, nor was it done by or with his consent; that if the claim of said Woodruff and Leona Patterson that they were only sureties upon said note and that said note has been altered, be allowed, they would not be liable upon said note in a court of law; that said Leona Patterson had no property and said Woodruff is financially insolvent, so that appellant fears and verily believes that if said note was declared void in a court of law because of said alteration, appellant would lose the entire sum loaned to Patterson. In said bill appellant claimed that said note should be modified or construed to express the true intent of the parties; that Patterson should be estopped from making any defense to the note because he induced the making of the loan by a fraudulent property statement and that in a legal sense there had been no alteration of the said note whatever; that if the amount of the attorney's fees had been changed as claimed by defendants in the suit at law, it was a spoliation and not an alteration thereof and that this distinction between the alleged alteration and spoliation was one which it would be impossible for appellant to urge in a court of law.

There was a prayer asking the court to construe and reform the note and restore it to its original condition; that the alteration in said note, if any, be corrected; that the defendants in said suits at law be restrained from defending against said claim or suit at law until all matters charged in the said bill should be fully heard and determined.

In the bill there was no attempt made by appellant to show how, or by whom the change was made, so that as against appellee he would be entitled to have the instrument reformed or corrected. No claim is

made that the note, from the time it was drawn until judgment was entered thereon, was not continuously in the possession of appellant and those acting for him, nor that it was ever in the hands of Patterson or that Patterson or any other of the signers was in any way chargeable with its alteration. Appellant does not attempt to set up the facts relating to the alteration so that the court can determine that the alteration was innocently and mistakenly made, or was a wilful one, or was one that amounted to a spoliation merely, nor does appellant aver in his bill that he, appellant, was ignorant in regard to the facts and circumstances relating to the allegations.

Appellant does not set up any claim or right that cannot be fully determined in a suit at law and the trial court committed no error in dismissing such bill.

Appellant next insists that even if the bill was properly dismissed the trial court committed error in assessing solicitor's fees in the sum of $150 against him, upon the dissolution of the injunction.

E. J. Miller, acting as attorney for Patterson, upon the hearing of the motion to assess damages, testified to all that he had done in connection with both suits, the one at law as well as the one in equity; that upon motion he had the judgment by confession opened and filed pleas therein; that one character of pleas was filed by Patterson and another character of pleas was filed by Leona Patterson and Woodruff, and that for the services rendered he was to be paid what they were reasonably worth. J. E. Jennings, an attorney, was then asked to state what would be the usual and customary fee for that kind of services and answered by saying $150, considering the benefit to Patterson. R. D. Meeker, another attorney, testified that the services performed, as shown in the testimony of Miller, were reasonably worth $150.

Upon this evidence the court allowed Patterson $150 as damages. This was error, as Miller's statement of services rendered covered what he had done in the

case at law, for which appellant would not be liable upon motion to dissolve. Patterson was entitled to damages for only those services rendered by his attorney in securing a dissolution of the injunction upon his motion to dissolve. Landis v. Wolf, 206 Ill. 392; Milligan v. Nelson, 188 Ill. 139.

That part of the decree of the trial court dissolving the injunction is affirmed, but so much of the decree as relates to allowing damages to Patterson is reversed, with directions to the Circuit Court to take such further steps in this case as shall be consistent with the holdings herein announced.

*Affirmed in part and reversed in part and remanded with directions.*