Hillmer Co. et al. v. Behr, 196 Ill. App. 363.

# H. A. Hillmer Company and Henry A. Hillmer, Appellants, v. Martha Behr, Appellee.

## Gen. No. 6,117.

1.   APPEAL AND ERROR, § 726*—*when decree must be supported by evidence in record.*   Where a decree finds no facts to support it, such decree must be supported on appeal by evidence found in the record, if supportable at all.

2.   INJUNCTION, § 311*—*when solicitor's fees may be recovered upon dissolution of temporary injunction.*   On a suggestion of damages after the dissolution of a temporary injunction, a defendant may recover solicitor's fees which such defendant has paid or for the payment of which he has become obligated, in so far as such services were rendered in obtaining such dissolution, but not including services rendered in the general defense of the suit.

3.   INJUNCTION, § 320*—*when evidence insufficient as basis for awarding attorney's fees for procuring dissolution of temporary injunction.*   Where on a suggestion of damages after the dissolution of a temporary injunction solicitor's fees are sought to be assessed as an element of such damages, and where the evidence makes no distinction between services rendered as strictly necessary to procure such dissolution and those rendered in the case generally, there is no evidence on which the value of the services directed solely to the object of obtaining such dissolution can be determined.

4.   INJUNCTION, § 154*—*what is office of injunction pendente lite.*   An injunction *pendente lite* is a mere ancillary writ whose only office is to preserve the *status in quo* pending a final hearing, and for which writ a complainant may apply or not as he sees fit.

5.   INJUNCTION, § 239*—*when one may do acts sought to be restrained by permanent writ with impunity.*   A defendant in a bill praying for a perpetual injunction against whom no injunction *pendente lite* has been sued out may, during the pendency of the suit, do the acts sought to be restrained thereby without being in contempt of the writ, but he so acts at the risk of having his acts done *pendente lite* declared illegal, and of being compelled to restore everything to its condition at the commencement of the suit.

6.   INJUNCTION, § 311*—*what are separable items in computing attorney's fees as damages upon dissolution of injunction pendente lite.*   On a suggestion of damages after the dissolution of an injunction *pendente lite*, where it is sought to have solicitor's fees assessed as an element of such damages, the services rendered for the mere

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

purpose of getting rid of such an injunction are clearly distinguishable from services rendered in the general defense of the suit.

7. INJUNCTION, § 320*—*when evidence insufficient to authorize assessment of attorney's fees as damages upon dissolution of temporary injunction.* On a suggestion of damages after the dissolution of a temporary injunction, where it is sought to have solicitor's fees assessed as an element of such damages, and the evidence makes no discrimination between services rendered as strictly necessary to procure a dissolution of the injunction and those rendered in the case generally, an assessment of such fees as damages cannot be sustained on evidence that a certain sum was paid on a motion to dissolve and upon a final hearing together.

8. INJUNCTION, § 308*—*when attorney's fees for depending suit not assessable as damages upon dissolution of temporary injunction.* Where a temporary injunction is sued out as ancillary to the principal relief sought, fees for defending the suit generally cannot be assessed as damages on the dissolution of the injunction.

9. INJUNCTION, § 308*—*when reasonable attorney's fees allowed as damages upon dissolution of temporary injunction.* On a suggestion of damages after the dissolution of temporary injunction, a reasonable solicitor's fee may be allowed as damages notwithstanding the fact that a demurrer was interposed to the bill or that the knowledge gained on hearing of a motion to dissolve was subsequently used at the hearing on the merits.

10. INJUNCTION, § 308*—*what solicitor's fees allowed as damages upon dissolution of temporary injunction may cover.* The damages allowed by the statute on a suggestion of damages after the dissolution of a temporary injunction are only those sustained by an improper and wrongful suing out of the injunction, so that any solicitor's fees allowed can only extend to those paid for services on the motion to dissolve.

11. INJUNCTION, § 391*—*when decree assessing solicitor's fees as damages or dissolution of temporary injunction reversed.* A decree assessing solicitor's fees and expenses as damages on the dissolution of a temporary injunction must be reversed where no attempt is made either in the evidence or in the argument of counsel to distinguish between the items of services and expenses, and where it appears that the injunction in question was only dissolved by a final decree dismissing the bill, no motion for such dissolution being made prior to the final decree.

12. APPEAL AND ERROR, § 1269*—*when not presumed trial court acted on evidence not in record.* On appeal from a decree, the Appellate Court cannot presume that in making such decree the trial

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

court acted on evidence not shown in a record which purports to be a full copy of all the evidence introduced.

Appeal from the Circuit Court of Stephenson county; the Hon. Richard S. Farrand, Judge, presiding. Heard in this court at the April term, 1915. Reversed. Opinion filed October 20, 1915.

Charles H. Green, for appellants.

R. R. Tiffany, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

This is an appeal from a decree awarding damages for wrongfully suing out an injunction. There had been a temporary injunction granted and no motion to dissolve the same, but the bill was dismissed on a hearing on the evidence and that decree of the court sustained on appeal to the Supreme Court in *H. A. Hillmer Co. v. Behr,* 264 Ill. 568. It was a controversy between the parties involving the question whether a piece of land upon which appellee was about to build, and from which building she was temporarily enjoined, was a public street, and it was held that it was not. The facts and questions involved can be learned from a reading of the opinion in that case. Counsel for both sides argue from the statement of the case there made. The trial court had continued the injunction in force pending the appeal, and reserved for future consideration the question of damages for wrongfully suing out the same, which reservation the Supreme Court held was proper practice, but did not have the question before it whether any damages could be properly assessed and therefore cannot be said to have considered or passed on that question.

The suggestion of damages on which the present hearing took place consisted of different items, including items of solicitor's fees and solicitor's expenses in the Circuit and Supreme Court of $390.50, which the court allowed, and a large item for rent of the premises which the court disallowed, it is said by ap-

pellee, because of the wrongful use which he held the evidence showed she was to make of the premises. No cross-error is assigned, and the only question presented here is whether the court erred in allowing the items of solicitor's fees and expenses. There is no finding of facts in the decree, and it must be sustained, if at all, on the evidence found in the record. There is no attempt in the proof to distinguish between services rendered in obtaining a dissolution of the injunction (if such services can be said to be rendered where there is no motion to dissolve the temporary injunction) and services rendered in the general defense of the suit, and appellants contend that for that reason the decree should be reversed. The law is clearly announced in *Lambert v. Alcorn,* 144 Ill. 313, where the court said, citing authorities, that a defendant might recover solicitor's fees which he had paid or become obligated to pay, for services rendered in obtaining a dissolution of the injunction, but not those rendered in the general defense of the suit, and the court found from the record before it that the principal part of the services rendered for which a recovery was sought were in the general defense of the suit, and particularly upon the final hearing, and said: "The evidence wholly fails to distinguish between the services rendered in relation to the motion to dissolve, and those rendered in the general defense of the suit, and there is nothing, so far as we are able to see, from which the value of the services directed solely to the object of obtaining a dissolution of the preliminary injunction can be determined."

And held for that reason there could be no recovery, and also said: "Perhaps the view was entertained by court and counsel at the time of the assessment of damages, that as the only relief sought by the bill was an injunction, the entire defense was virtually directed to the sole object of procuring a dissolution of the injunction, and therefore that all the services

rendered in the case must be deemed to have been rendered for that purpose. The relief sought by the bill was a perpetual injunction restraining the defendant from laying his proposed tile drain, and an injunction *pendente lite* was a mere ancillary writ which the complainant was at liberty to apply for or not as he saw fit. Its only office was to preserve the *statu quo* until a final hearing could be had. The complainants might have prosecuted their suit without asking for a preliminary injunction, and if the defendant had proceeded to construct his drains during the pendency of the suit, he would not have been in contempt for disobedience to a writ it is true, but he would have acted at the risk of having his acts *pendente lite* declared illegal, and of being compelled to restore everything to the condition in which it was at the commencement of the suit. In a litigation of this character, the services rendered in the general defense of the suit are as clearly distinguishable from those rendered for the mere purpose of getting rid of an injunction *pendente lite,* in case one has been issued, as they are in cases where relief of a different character is sought." In that case a motion was made to dissolve the preliminary injunction and partly heard, but never decided. In the present case there was no motion to dissolve the temporary injunction. A similar question was before this court in *Kotz v. Glos,* 53 Ill. App. 485, where, as here, there was no motion to dissolve the preliminary injunction, the case of *Lambert v. Alcorn, supra,* and other earlier cases were discussed and attention called to the language of the court in *Elder v. Sabin,* 66 Ill. 126, where it is said: "The statute only allows the assessment of damages sustained by reason of improperly suing out the injunction, and the damages must be confined alone to that ground. The charge for lawyer's fees could only extend to the motion to dissolve the injunction."

The court held in *Landis v. Wolf*, 206 Ill. 392, that where the evidence makes no discrimination between services rendered in the case generally and services which were strictly necessary to procure a dissolution of the injunction there is no evidence upon which the assessment of damages can be based, and an allowance in such case cannot be sustained on proof that a certain sum was paid upon a motion to dissolve and upon a final hearing together. In *Milligan v. Nelson*, 188 Ill. 139, the court reviewed the authorities and held that where the services sought to be recovered for are rendered in securing a dismissal of the bill on final hearing, there can be no recovery on a suggestion of damages. In *Dempster v. Lansingh*, 234 Ill. 381, there was a temporary injunction and hearing on motion to dissolve and an allowance of solicitor's fees as damages, and in reviewing the case on the question of that allowance the court said: ''The law is, that where the injunction is ancillary to the principal relief sought, fees for defending the suit generally should not be assessed as damages upon the dissolution of the injunction.''

In *City of Princeton v. Gustavson*, 241 Ill. 566, a bill for injunction was dismissed on hearing and the defendant was allowed $300 as damages to reimburse him for solicitor's fees ''which he had expended or agreed to pay in procuring a dissolution of the injunction.'' It does not appear whether there was a motion to dissolve the temporary injunction, but we assume there was and some liability for solicitor's fees in that matter, for the court held, without much discussion of that feature of the case, that the allowance was supported by the testimony, and affirmed the decree, citing *Lambert v. Alcorn, supra,* and *Dempster v. Lansingh, supra,* in support of its decision, which, of course, means that it did not intend to overrule or qualify anything said in those cases. Appellee's counsel in support of the actions of the court cites *Marks*

*v. Columbia Yacht Club,* 219 Ill. 417, holding that a reasonable solicitor's fee for services in procuring the dissolution of the injunction may be allowed as damages notwithstanding the fact that a demurrer was interposed or that the knowledge gained on a hearing of a motion to dissolve was subsequently used upon the trial of the case on its merits; but in that case it is said on page 420 of the opinion: "The damages allowed by the statute are only those sustained by reason of an improper and wrongful suing out of the injunction, and the solicitors' fees can only extend to the motion to dissolve."

As we have before said, the allowance of damages was based on the items of solicitor's fees and solicitor's expenses. There is no effort in the argument of counsel to distinguish between the items of solicitor's services and solicitor's expenses, and they are naturally covered by the same suggestions as to proof and the purpose for which they were incurred. As there was no motion to dissolve in this case and no services rendered in an attempt to get rid of the preliminary injunction that under the authorities cited seem a basis for the recovery of damages, the decree must be reversed. Appellants' counsel says that the court had before it the abstract of the record on the appeal, and may have reached his conclusions in part from that. This appellee's counsel denies. We cannot presume that the court acted from evidence not shown by the record here which purports to be a full copy of all the evidence introduced. Presuming that the opinion of the Supreme Court in this case contains a full statement of its history so far as it is necessary to consider that history here outside of what is shown by the record filed here (and counsel for both sides seem to argue the case on that theory), we are of the opinion that there can be no recovery on account of any payment or liability incurred for solicitor's fees and expenses on a suggestion of damages for wrongfully

suing out the injunction, therefore the cause is not remanded.

*Reversed.*